# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| YAN CHANG HUANG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL HOME MORTGAGE CORPORATION, et al.,<br><br>　　　　Defendants. | 2:12-cv-01141-RCJ-VCF<br><br>**ORDER** |

Currently before the Court is Plaintiff's motion for preliminary injunction (#4). For the following reasons, the Court denies the motion for preliminary injunction (#4).

## BACKGROUND

Plaintiff Yan Chang Huang executed a note secured by a deed of trust on real property located at 7378 Divine Ridge St., Las Vegas, Nevada 89139, which was recorded in Clark County on January 6, 2006. (Deed of Trust (#7) at 27, 29). The mortgage, dated January 2, 2006, was for $318,250. (*Id.* at 27). The deed of trust named Provident Funding Associates, L.P. as lender, First American Title Company as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender and beneficiary.[1] (*Id.*).

Plaintiff later defaulted on the note secured by the deed of trust. (Notice of Default (#7) at 49). MERS transferred all beneficial interest in the deed of trust to Wells Fargo Bank, N.A.

---

[1] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, at *2 (D. Nev. 2009).

on December 16, 2009.[2] (Assignment of Deed of Trust (#7) at 55). The same day, Wells Fargo substituted Trustee Corps as trustee of the deed of trust in place of First American Title.[3] (Substitution of Trustee (#7) at 53). First American Title, as agent of Trustee Corps, then executed and recorded a notice of default and election to sell on December 17, 2009. (Notice of Default (#7) at 49-50).

A certificate issued by the Nevada Foreclosure Mediation Program allowing the beneficiary to proceed with the foreclosure process was recorded in Clark County by First American Title on November 15, 2011. (Certificate (#7) at 58). Trustee Corps then recorded a notice of trustee's sale that same day. (Notice of Trustee's Sale (#7) at 60-61).

Plaintiff filed a pro se complaint in this Court alleging various foreclosure-related causes of action on January 3, 2012 (Case No. 2:12-cv-00001-LDG-PAL) against Wells Fargo Home Loans Servicing, L.P.; MERSCORP, Inc.; and MERS. (Compl., Case No. 2:12-cv-00001-LDG-PAL (#1) at 1). The defendants filed a motion to dismiss for failure to state a claim and the Court granted this motion and dismissed the complaint with leave to amend on April 13, 2012. (Mot. to Dismiss, Case No. 2:12-cv-00001-LDG-PAL (#9); Order, Case No. 2:12-cv-00001-LDG-PAL (#26) at 5). Plaintiff then filed an amended complaint on April 25, 2012 against Wells Fargo & Company, California Reconveyance Company, and MERS. (Am. Compl., Case No. 2:12-cv-00001-LDG-PAL (#31)). The defendants again filed a motion to dismiss for failure to state a claim and the Court granted the motion on June 29, 2012, dismissing the amended complaint without leave to amend because Plaintiff failed to file a response to the motion to dismiss. (Mot. to Dismiss, Case No. 2:12-cv-00001-LDG-PAL (#34); Order, Case No. 2:12-cv-00001-LDG-PAL (#42) at 1-2).

While the previous action was pending in this Court, the property was sold at a trustee's

---

[2] The assignment of the deed of trust was recorded in Clark County on January 22, 2010. (Assignment of Deed of Trust (#7) at 55).

[3] The substitution of trustee was recorded in Clark County on January 21, 2010. (Substitution of Trustee (#7) at 53).

2

sale to Federal Home Loan Mortgage Corporation on May 30, 2012 for $151,000. (Trustee's Deed Upon Sale (#7) at 63-64). A trustee's deed upon sale was recorded in Clark County on June 6, 2012. (*Id.* at 63).

Plaintiff then filed a second pro se complaint in this Court (Case No. 2:12-cv-01141-RCJ-VCF) on June 29, 2012—notably the same day the defendants' motion to dismiss in the previous action was granted. (Compl. (#1)). In the present complaint Plaintiff is suing Federal Home Mortgage Corporation; Provident Funding Associates, L.P.; Wells Fargo Home Loans Servicing, L.P.; MERSCORP, Inc.; and MERS. (*Id.* at 1). The complaint asserts seven causes of action, including: (1) fraud; (2) failure to comply with RESPA rules; (3) fraudulent foreclosure; (4) failure to comply with the Fair Debt Collection Act; (5) failure to comply with the Truth in Lending Act; (6) fraudulent assignment; and (7) notary fraud. (*Id.* at 7-14).

On June 29, 2012, Plaintiff filed a motion for preliminary injunction. (Mot. for Preliminary Injunction (#4)). Plaintiff seeks in her motion a preliminary injunction prohibiting the transfer of the property and prohibiting the removal of Plaintiff from the property. (*Id.* at 3). Plaintiff failed to appear at the hearing held on August 6, 2012.

## LEGAL STANDARD

Federal Rule of Civil Procedure 65(a) allows a court to issue a preliminary injunction on notice to an adverse party. "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22, 32 (2008). To obtain a preliminary injunction, a plaintiff must demonstrate (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Id.* at 20; *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010). As to the second element, the plaintiff must show that irreparable harm is likely, not just possible. *Winter*, 555 U.S. at 22; *see also Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("[A] plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.")

**DISCUSSION**

Plaintiff seeks a preliminary injunction prohibiting the transfer of the property and her removal from the property. Plaintiff is not entitled to injunctive relief however because she has failed to sufficiently demonstrate that she is at risk of imminent irreparable harm.

First, the record clearly indicates that the property has already been sold at a trustee's sale. (Trustee's Deed Upon Sale (#7) at 63-64). Plaintiff is therefore not likely to suffer irreparable harm absent injunctive relief prohibiting the transfer of the property as the transfer has already been completed.

Plaintiff has also failed to demonstrate that she is likely to suffer imminent irreparable harm absent a preliminary injunction prohibiting her removal from the property because she has not shown that any eviction proceedings are currently pending against her. Even if such eviction proceedings have been initiated, Plaintiff has failed to demonstrate or even allege that she will be irreparably harmed if forced to vacate the property during the pendency of these proceedings.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for preliminary injunction (#4) is DENIED.

DATED: This 6th day of September, 2012.

_____
United States District Judge